# COURT OF GENERAL SESSIONS — COUNTY OF NEW YORK.

## January, 1923.

## THE PEOPLE v. KANUTE ARVID ENLIND.

### (120 Misc. 42.)

PRACTICE—NEW TRIAL—WHEN ALLEGED NEWLY DISCOVERED EVIDENCE NOT SUFFICIENT TO JUSTIFY.

A judgment of conviction will not be set aside unless it is made to appear, with reasonable certainty, that evidence discovered since the trial, if produced thereon, would have caused a different verdict.

On a trial for criminally receiving a diamond ring, the property of another, L. as a witness for the prosecution after admitting his guilt of various larcenies of large sums of money from different women, testified that he delivered the ring to defendant to pawn and that defendant knew that it had been stolen from the owner. On cross-examination L. denied any personal animosity against defendant or that he had ever threatened to secure his conviction. Defendant while admitting that he received the ring and pawned it for L.'s account testified that L. told him that the ring had been the property of his deceased wife and further that he, the defendant, had no knowledge that the ring had been stolen.

A motion for a new trial was made upon the ground of newly-discovered evidence based upon the affidavit of one who had been convicted of crime, that L. in expressing animosity against the defendant said that he was going "to put him away," although L. at no time intimated that this was to be done by means of false testimony. *Held,* that it was inconceivable that the newly-discovered evidence, if produced upon the trial, would have caused a different verdict and the motion will be denied.

MOTION for a new trial on the ground of newly discovered evidence after conviction of the defendant of the crime of criminally receiving stolen property in the first degree.

*Joab H. Banton, District Attorney* (*Thomas J. Whelan,* of counsel), for plaintiff.

16

*Newman Levy,* for defendant.

NOTT, J.:

The defendant was convicted on November 20, 1922, of criminally receiving stolen property in the first degree in that he criminally received from one Lindsay a diamond ring, the property of Miss Florence James. Lindsay was a witness against the defendant and after admitting that he had been guilty of various larcenies of large amounts of money from different women, he testified that he delivered the ring in question to the defendant to pawn, the defendant having knowledge that it had been stolen from Miss James. The defendant admitted receiving the ring and pawning for Lindsay's account, but says that Lindsay told him the ring had been the property of Lindsay's deceased wife, and that he, the defendant, had no knowledge of its stolen character.

Lindsay, on cross-examination, denied any personal animosity against the defendant or that he had ever made threats to secure his conviction.

The present motion is based on the affidavit of one McCory who has been convicted of crime and who deposes that while sojourning in the city prison Lindsay expressed animosity against the defendant and stated that he was going " to put him away " although Lindsay at no time intimated that this was to be done by means of any false testimony.

It may be safely affirmed that no jury ever believes that a man who turns State's evidence is animated by the love of abstract justice in so doing, but rather that he is animated either by animosity against the defendant or a desire to benefit himself at the defendant's expense, or by both motives. So widespread and deepseated is this opinion that the law has adopted it and consequently requires an accomplice to be corroborated.

In the present case Lindsay admitted a series of contemptible larcenies of large amounts, obtained exclusively from women,

and admitted that he had obtained such amounts by lying statements to his victims. The jury, therefore, were under no illusion as to Lindsay's character or veracity. The question for them to decide was whether Lindsay informed the defendant of his transaction with Miss James, or whether he gave the defendant a false explanation concerning the ring. In view of the mass of evidence showing the most intimate relations of the defendant with Lindsay, extending over many years, and knowledge on the defendant's part of Lindsay's dealings with other women, the jury decided that it was impossible to believe that Lindsay would have felt it necessary to give the defendant a false explanation. It is inconceivable to me that this result would have been changed had the man, McCory, testified as set forth in his affidavit.

A judgment of conviction is not to be set aside unless it is made to appear with reasonable certainty that the newly discovered evidence, if produced upon the trial, would have caused a different verdict than that rendered. In my opinion, that has not been shown here and the motion is, therefore, denied.

Ordered accordingly.